**Chicago Title & Trust Company, Trustee, Appellee, v. William G. Edens et al., Defendants.**

**On Appeal of Edward Roby, Appellant.**

**Gen. No. 19,357.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 25, 1914.

### Statement of the Case.

Bill by Chicago Title & Trust Company, as trustee, and in its own right, against William G. Edens and his wife, Lillian Maud Edens, and Edward Roby to foreclose a trust deed executed by Edens and wife to complainant to secure a loan made by it to Roby and evidenced by Roby's notes of even date with the trust deed. Edens and his wife were served with summons, and Mr. Edens' appearance and answer were filed by Mr. Roby as his solicitor. Mr. Roby also filed his own appearance and answer, and to each of the answers complainant filed a general replication. An order of default was entered against Mrs. Edens and the cause referred to a master in chancery to take evidence on the issues joined and to report the same to the court with his conclusions. Subsequently the master filed his report, finding the material allegations of the bill to be true and recommending that its prayer be granted, and afterwards an order was entered approving and confirming the report, and a decree of sale was entered. From the decree, Mr. Roby appeals.

EDWARD ROBY, for appellant.

MUNROE & NOYES, for appellee; CHARLES L. BARTLETT and M. PAUL NOYES, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Chicago Title & Trust Co. v. Edens, 187 Ill. App. 238.

## Abstract of the Decision.

1. Mortgages, § 656*—*when want of proof of immaterial averments in bill to foreclose not reversible error.* Allegations in a bill to foreclose a trust deed that complainant had no other security than the lien of the trust deed in question and that it had not commenced any suit at law for the recovery of the money due it, *held* immaterial as bearing on complainant's right to a decree, and failure of complainant to make proof of same, *held* entirely harmless, if error.

2. Mortgages, § 371*—*right to concurrent remedies to enforce payment of debt.* The law gives to a person having the right to file a bill to foreclose a trust deed the right to sue at law concurrently with the pendency of the suit to foreclose, with the limitation that there should be but one satisfaction.

3. Mortgages, § 650*—*matters which person liable on notes cannot complain of on appeal.* On appeal from a decree awarding a foreclosure of a trust deed, the party liable as principal on the notes cannot complain that there was a failure of proof that the mortgagor was the owner of the lands conveyed by the trust deed, and that he was denied the right to prove that a portion of the lands was held adversely by a third party under a deed.

4. Mortgages, § 456*—*right to litigate validity of independent adverse claims to property.* The validity of an independent claim of a party who holds a portion of the premises adversely under a deed cannot be properly tried in a foreclosure suit, in which the only proper parties are the mortgagor, mortgagee and those who might have acquired rights under them subject to the mortgage.

5. Mortgages, § 605*—*effect of failure to litigate the validity of independent adverse claims in foreclosure proceedings.* The fact that the validity of an independent adverse claimant to the property is not litigated and settled in a foreclosure suit would not be cause to require the foreclosure sale to be vacated and the money refunded. The rule of *caveat emptor* applies to foreclosure sales, and defects in title are not grounds for rescinding the sale or for reimbursing the purchaser at the sale.

6. Mortgages, § 650*—*who not entitled to complain of decree providing for sale of only part of the property.* The person liable as principal on notes secured by a trust deed executed by other parties cannot complain of a foreclosure decree providing "that part of the lands under the lien should be sold, and that if they failed to bring enough to satisfy the amount found due that the master should make a report of deficiency," for the reason that there may be a greater deficiency decree than if all the mortgaged lands were sold.

See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

7. EQUITY, § 281*—*matters put in issue by replication to answer.* A general replication does not put at issue all the averments of the answer irrespective of their materiality or responsiveness to the bill, so that defendant is free to prove everything alleged in their answers.

8. EQUITY, § 438*—*right to introduce additional evidence on hearing of exceptions to master's report.* It is not error for the chancellor to refuse to permit a party to introduce further evidence upon a hearing of exceptions to a master's report.

9. EQUITY, § 418*—*power of master to rule on competency of evidence.* A master upon a reference to take and report proofs with conclusions of law and fact has power to pass upon the competency of the evidence presented where such authority is given by a rule of court.

10. EQUITY, § 396*—*amount of master's fees.* The concluding portion of section 20 of the Fees and Salaries Act, J. & A. ¶ 5621, relating to the fees of masters in Cook County, is not governed by the preceding portion of that section limiting the fees to ten dollars.

11. APPEAL AND ERROR, § 499*—*when correctnesss of amount of master's fees cannot be questioned.* Where the statement of the amount of the master's fees was attached to the master's report filed in the Circuit Court, the correctness of the amount of the fees cannot be questioned on appeal, where it was not challenged in the court below, and there is no assignment as error with reference thereto.